[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus in which the petitioner claims he is illegally confined for the following reasons:
1. Petitioner was denied a fair trial due to imposition of shackles impeding his ability to interact with his attorney and/or due to the presence of excess security in the Court.
2. Petitioner received ineffective assistance of counsel due to trial attorney's failure to create and preserve a proper record for appellate review.
The Connecticut Supreme Court considered these issues in State v. Woolcock, 201 Conn. 605 and did not feel under all the circumstances that the shackles or state police presence constituted an abuse of discretion by the trial court.
This court after a full evidentiary hearing concurs fully with the Supreme Court's conclusions. The precautions taken to mask the shackles was totally effective.
The petitioner and his trial counsel sat two feet apart and conferred frequently during trial. Petitioner claims to have been unable to adequately communicate with counsel on only one occasion and he could not remember what it was that he could not tell his attorney. No prejudice could be found. CT Page 1234
Regarding the presence of State Troopers the following was elicited:
1) Petitioner's counsel said one or two troopers present, one not too close to defense table and occasionally another across large courtroom near a fire door.
2) Inspector for State's Attorney said two state police sitting along wall and another near fire door during testimony of victim and petitioner.
3) Court clerk during trial could only remember one trooper and possibly two.
4) The petitioner claimed seven or more troopers present which this Court found not credible.
The Inspector for the State's Attorney also stated that ordinary practice was to have three uninformed sheriffs. In this case they replaced two sheriffs with two troopers.
There was no evidence that the troopers were overly obvious or intimidating or had any effect on the jury.
Counsel for the petitioner was aware that a wire tap had been placed on the jail phone used by the petitioner and the authorities had an informant in the jail who advised that a conspiracy to kill the victim or free the petitioner was planned. Trial counsel felt to spread this on the record would not be helpful.
This Court felt in light of the petitioner's record and the above the security provided was minimal.
As provided in Strickland v. Washington, 466 U.S. 668,686-7 (1984) requires a showing that counsel's assistance was deficient and the deficient performance was so serious as to deprive the defendant of a fair trial.
The expert in this case based his opinion on facts that were not proven and the evidentiary hearing conducted in this trial showed the outcome would not have been different had it been conducted at trial and preserved.
For the reasons set forth — above the petition for habeas corpus is denied. The petitioner is not entitled to relief in any form.
DUNN, J. CT Page 1235